**Kim Terence BUTLER, Plaintiff,**

**v.**

**BEN LINE STEAMERS LTD., etc., et al., Defendants.**

**No. CV 85–5301–JSL(Bx).**

United States District Court, C.D. California.

Oct. 7, 1986.

---

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

LETTS, District Judge.

Defendants Ben Line Steamers Ltd., Ben Odeco Limited and Odeco, Inc. (collectively

"defendants") seek summary judgment[1] in this maritime tort action filed by Plaintiff Kim Terence Butler. Defendants argue that the law of the United Kingdom properly applies to Plaintiff's claims and therefore that he fails to state a claim based on American law; and that the *forum non conveniens* doctrine compels the conclusion that the lawsuit should be pursued in Scotland. The Court agrees, and therefore grants defendants' motion.

## I. CHOICE OF LAW

In deciding which nation's laws should be applied to a maritime tort, this Court must examine several factors. The Ninth Circuit, drawing together the Supreme Court's decisions in *Lauritzen v. Larsen*, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953) and *Hellenic Lines v. Rhoditis*, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970), recently recited these factors in *Pereira v. Utah Transport, Inc.*, 764 F.2d 686, 689 (9th Cir.1985). They are (1) place of the wrongful act; (2) law of the flag; (3) allegiance or domicile of the injured party; (4) allegiance of the shipowner; (5) place of the contract; (6) inaccessibility of the foreign forum; (7) law of the forum; and (8) shipowner's base of operations. This list is not meant to be exhaustive. *Id. Accord, Bilyk v. Vessel Nair*, 754 F.2d 1541, 1543 (9th Cir.1985).

### A. *Place of the wrongful act*

Given that the location of ship upon which an injury occurs is somewhat fortuitous, the place of the wrongful act is "often of little help" in a choice of law analysis. *Pereira*, 764 F.2d at 689 (citing *Lauritzen*, 345 U.S. at 584, 73 S.Ct. at 929). Plaintiff argues, however, that this factor should be given greater weight where, as here, the vessel remains in a fixed location for a significant time. *See Phillips v. Amoco Trinidad Oil Co.*, 632 F.2d 82, 86 (9th Cir.1980) (oil-drilling rig in waters of

Trinidad). Here, it is undisputed that the Ben Ocean Lancer, a drilling ship, was stationed for eleven months in American territorial waters. This factor thus weighs in Plaintiff's favor.

### B. *Law of the flag*

The law of the flag flown by the vessel is of "cardinal importance." *Pereira*, 764 F.2d at 689 (quoting *Lauritzen*, 345 U.S. at 584, 73 S.Ct. at 924). In *Bilyk*, the Ninth Circuit stated unambiguously that "*Lauritzen* itself firmly mandates that *the law of the flag controls* unless other factors point decidedly in a different direction." 754 F.2d at 1545 (emphasis added). In this case, it is undisputed that the Ben Ocean Lancer is registered in and flies the flag of the United Kingdom.

### C. *Allegiance or domicile of the injured party*

That Plaintiff undisputedly is a citizen of the United Kingdom is "an important consideration" in a choice of law analysis. *See Villar v. Crowley Maritime Corp.*, 782 F.2d 1478, 1482 (9th Cir.1986).

### D. *Allegiance of the shipowner*

Because shipowners sometimes register their ships in foreign countries, the allegiance of the shipowner "can be difficult to determine." *Villar*, 782 F.2d at 1481. In this case, the record owner of the Ben Ocean Liner is Ben Odeco, Ltd., a citizen and resident of the United Kingdom. Ben Odeco, Ltd., is half-owned by Odeco, Inc., a Delaware corporation headquartered in New Orleans. Defendant Ben Line Steamers, Inc., is a citizen and resident of the United Kingdom. Plaintiff argues that the ownership of the Ben Ocean Liner is uncertain, and that this is a disputed material fact issue which precludes the grant of summary judgment. The Court cannot agree that there is any real dispute, or

---

1. Ben Line filed a motion to dismiss on June 16, 1986. After reviewing the opposition and reply papers, the Court determined that because matters outside the pleadings were presented, the motion to dismiss should be treated as one for summary judgment pursuant to Fed.R.Civ.P. 12(c). The parties were notified by minute order and were given additional time for the submission of supplemental material contemplated by Fed.R.Civ.P. 56. Both parties provided such material.

even if there were that it would be material. Even if the Ben Ocean Liner were wholly owned by an American corporation, this fact would not be determinative. *See id.* Here, because the ship is registered to a foreign owner which is in turn half-owned by an American, this factor weighs slightly in defendants' favor.

### E. *Place of contracting*

The employment contract in this case was negotiated in the United Kingdom and signed in Mobile, Alabama. This factor is "relatively unimportant." *Pereira,* 764 F.2d at 689. The Ninth Circuit has said that "[f]or claims not on the contract, the *Lauritzen* Court found this factor useful *only insofar as the contract stipulated whose law would apply.*" *Bilyk,* 754 F.2d at 1544 (emphasis added). *See also Villar,* 782 F.2d at 1481 (choice of law expressed in contract is "much more important" than place of contracting). Here, the employment contract is silent as to choice of law. Thus, this factor is not particularly useful in this Court's analysis.

### F. *Inaccessibility of foreign forum*

Plaintiff argues that his "access to the foreign forum [Scotland] is sufficiently disadvantageous to constitute inaccessibility." Plaintiff states that he is presently in the Orient and that both he and witnesses who are now in the Orient or in California would have to be present in Scotland for litigation. Other factors cut strongly against Plaintiff's argument, however. First, he is himself a British citizen and resident who has already pursued legal remedies in Scotland against these defendants. Second, there can be no serious contention that the substantive or procedural law of the United Kingdom would necessitate delayed, prolonged, expensive and uncertain litigation. *See Lauritzen,* 345 U.S. at 589, 73 S.Ct. at 931. Defendants have provided this Court with convincing evidence that the law of United Kindgom will provide Plaintiff the opportunity for complete relief. The United Kingdom, like the United States, is an industrialized, English-speaking, common-law nation. This factor thus weighs in defendants' favor.

### G. *Law of the forum*

This factor is of little assistance. As the *Lauritzen* Court pointed out, merely because a party is subject to service of process is American courts does not mean that American law should be imposed in a case in which this country has little interest. *See Pereira,* 764 F.2d at 689.

### H. *Shipowner's base of operations*

As has been pointed out, the Ben Ocean Lancer's record owner is a Scottish corporation based in Edinburgh, Scotland. There is no dispute here that the Ben Ocean Lancer's operations are supervised and carried out through its owners' offices in Edinburgh, Scotland.

### I. *Conclusion*

On balance, the relevant factors weigh in favor of the application of the law of the United Kingdom. Weighing most strongly in defendants' favor are the law of the flag, the citizenship of the Plaintiff, the accessibility of the foreign forum, and the record ownership of the vessel and base of operations of the shipowner.

## II. FORUM NON CONVENIENS

In deciding a *forum non conveniens* motion, this Court must balance various "public interest" and "private interest" factors. *Pereira,* 764 F.2d at 690. As set forth by the Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), the public interest factors include: (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having the case tried in a forum familiar with the law governing the action; and (5) the avoidance of unnecessary problems in conflicts of law.

As stated above, the United States has little interest in this action. The ship flies the flag of the United Kingdom. The record owner is a Scottish corporation

whose offices are in Scotland. The Plaintiff is a citizen of the United Kingdom who has already sued these defendants in Scotland. The Court has held that the law of the United Kingdom applies to this action. The courts of the United Kingdom therefore have a far greater interest in resolution of this case, and far greater facility in applying the relevant law, than does this Court. Thus, it is clear that these public interest factors weigh heavily in favor of a Scottish forum.

The private interest factors include (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses and cost of obtaining attendance of willing witnesses; (3) possibility of viewing the subject premises; and (4) all other factors which render trial expeditious and inexpensive. *Id.*

As has been mentioned, the Plaintiff has already filed an action in Scotland against defendants. Thus, Plaintiff himself already has demonstrated that pursuing this action in Scotland is feasable. As to ease of access to proof, defendants' offices are in Scotland, which means that documentary evidence concerning the vessel is also located there. There is no real dispute that a large number of the seamen aboard the vessel at the time are citizens and residents of the United Kingdom. Furthermore, defendants have represented to the Court that they will make available in Scotland one witness who is an employee of the vessel and who resides in San Francisco, as well as physician-witnesses who may reside elsewhere. If anything, it should be easier for the vessel to be viewed in Scotland, where its record owner resides, than in the United States. On balance, then, the private factors also weigh in favor of a Scottish forum.

## III. CONCLUSION

A balancing of the relevant factors compels the conclusion that the law of the United Kingdom, and not that of the United States, applies to this action, and that the most convenient forum for this action

is Scotland. Defendants' motion is therefore granted.

So ordered.